UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SHELEY, | Case No. 09-CV-2221-WQH (JMA) |
| Petitioner, | **REPORT AND RECOMMENDATION RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS [Doc. 4]** |
| v. | |
| DOMINGO URIBE, JR., Warden, et al. | |
| Respondents. | |

For the reasons set forth below, the Court recommends that the Petition for Writ of Habeas Corpus filed by Petitioner Robert Sheley ("Petitioner") be **DISMISSED** with prejudice.

**I.     Introduction**

On March 21, 1973, Petitioner was sentenced by the Circuit Court of the Eleventh Judicial Circuit of Florida, in and for Dade County, to an indeterminate life term for robbery and a concurrent five (5) year sentence for possession of a firearm by a convicted felon. (Resp't. Lodgment No. 1.) On June 25, 1974, Petitioner was sentenced by the Circuit Court of the Ninth Judicial Circuit of Florida, in and for Osceola County, to a prison term of fifteen (15) years for two counts of assault with intent to commit murder and for shooting into an occupied vehicle, a consecutive fifteen (15) year sentence for three additional counts of assault with intent to commit murder and for

shooting into an occupied vehicle, a consecutive five (5) year sentence for aggravated assault and petit larceny, a consecutive one (1) year and one (1) day sentence for possession of a counterfeit license, and a consecutive one (1) year and one (1) day sentence for possession of burglary tools.  (Resp't. Lodgment No. 2.)  On January 20, 1975, Petitioner was sentenced by the Circuit Court of the Eighth Judicial Circuit of Florida, in and for Union County, to a prison term of ten (10) years, to run consecutively with any sentence being served, for escape.  (Resp't. Lodgment No. 3.)  In or around 1993, Petitioner was transferred to the custody of the California Department of Corrections and Rehabilitation ("CDCR") pursuant to an Interstate Corrections Compact Agreement.  (Resp't. Lodgment No. 4.)  In or around 1996, Petitioner's Presumptive Parole Release Date ("PPRD") of May 6, 1996 was suspended by Special Commission Action by the Florida Parole Commission.  (Resp't. Lodgment No. 5.)[1]

On October 6, 2009, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition").  (Doc. 1.)  On December 17, 2009, Respondents filed a Motion to Dismiss the Petition on the grounds that Petitioner's claims are not cognizable on federal habeas review.  (Doc. 4.)  Petitioner filed an Opposition to the Motion to Dismiss (styled as a "Response" to the Motion to Dismiss) on January 4, 2010.  (Doc. 5.)

//
//

---

[1] The Court takes judicial notice of Sheley v. Florida Parole Commission, 720 So.2d 216 (Fla. Sup. Ct. 1998), which provides the following explanatory information:

> The Parole Commission entered an order on July 16, 1996, suspending inmate Sheley's presumptive parole release date and declining to authorize an effective parole release date.  In support of the order, the Commission cited the inmate's lengthy criminal history and the facts of some of his prior offenses.  These offenses included escapes and escape attempts as well as armed attacks on law enforcement and corrections personnel.  The Commission also expressed serious concerns about the inmate's mental health evaluation.  Based on this evidence, the Commission concluded that the inmate's "release on parole would not be compatible with his welfare or the welfare of society."  Sheley, 720 So.2d at 217.

## II.     Procedural Background

On December 20, 2006, Petitioner was issued a CDC-115 Rules Violation Report ("RVR") charging him with possession of dangerous contraband in violation of Cal. Code. Regs., tit. 15, § 3006(c). (Pet., Ex. E; Resp't. Lodgment No. 6.) On January 24, 2007, a hearing was held in which Petitioner was found guilty. (Id.) Petitioner was not assessed any days of forfeiture due to staff error. (Id.) After exhausting his administrative appeals, in which he contended he did not receive a fair hearing (see Pet., Ex. A), Petitioner filed two petitions for writ of habeas corpus in the Superior Court of California, County of Imperial (Case Nos. EHC 00934 and EHC 01020). (Pet., Exs. B, C.) The court denied the petitions on March 10, 2008 and July 29, 2008, respectively. (Id.) Petitioner then filed a petition for writ of habeas corpus in the California Court of Appeal (Case No. D053572). (Pet., Ex. D.) On January 27, 2009, the appellate court denied the petition. (Id.) Thereafter, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court (Case No. S172299). (Pet., Ex. E.) On August 12, 2009, the California Supreme Court denied the petition. (Id.)

Petitioner contends in his federal Petition that his rights to due process and a fair hearing were violated for three reasons: (1) The finding of guilt on his disciplinary violation was based on insufficient evidence; (2) Prison officials did not permit him to call witnesses at the disciplinary hearing; and (3) Prison officials failed to record the disposition of the contraband at issue in the disciplinary proceeding. Pet. at i, 6-8.

## III.    Discussion

### A.    The Petition Does Not State a Cognizable Claim for Federal Habeas Relief

Respondents move to dismiss on the grounds that Petitioner has failed to state a cognizable claim for federal habeas relief because the disciplinary adjudication of which Petitioner complains did not affect the fact or duration of Petitioner's confinement.

//

### 1. **Legal Standards**

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.'" Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." Id.

"The Supreme Court first addressed the intersection between § 1983 and writs of habeas corpus in Preiser v. Rodriguez, holding that 'when a state prisoner is challenging the very fact or duration of his physical confinement,' and where 'the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment,' the prisoner's 'sole federal remedy is a writ of habeas corpus.'" Ramirez v. Galaza, 334 F.3d 850, 855 (9th Cir. 2003) (quoting Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)). "Conversely, Preiser concluded that 'a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Id. (quoting Preiser, 411 U.S. at 499). "Conditions of prison life" encompass "any deprivation that does not affect the fact or duration of a prisoner's sentence." Id. at 857 (quoting Jenkins v. Haubert, 179 F.3d 19, 28 (2d Cir. 1999)).

The Ninth Circuit has determined that "habeas jurisdiction is proper where a challenge to prison conditions would, if successful, necessarily accelerate the prisoner's release." Ramirez, 334 F.3d at 859. "[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Id. In Ramirez, the plaintiff appealed the district court's dismissal of his § 1983 complaint challenging prison disciplinary procedures as barred by the "favorable termination rule" established in Heck v. Humphrey, 512 U.S.

477 (1994). Ramirez, 334 F.3d at 852. The complaint sought to expunge all references to the disciplinary charge and to prohibit the State from considering any reference to the charge when evaluating the plaintiff for parole. Id. at 859 n.6. The appellate court reversed, finding that "the applicability of the favorable termination rule turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement." Id. at 856. Because Ramirez's action, if successful, would not shorten the length of his confinement, the appellate court determined that his challenge to the prison disciplinary procedures did not "intrude upon the 'heart' of habeas jurisdiction" and was properly brought under § 1983. Id. at 858, 859.

In Docken v. Chase, the Ninth Circuit considered whether a prisoner's claim of a right to annual review of his suitability for parole was cognizable under § 2254 or whether it needed to be brought as a § 1983 claim. Docken v. Chase, 393 F.3d 1024, 1026 (9th Cir. 2004). The district court had concluded that Docken's claims could only be brought under § 1983. The Ninth Circuit, finding that habeas and § 1983 relief are not mutually exclusive, reversed, and held that "when prison inmates seek only equitable relief in challenging aspects of their parole review that, so long as they prevail, *could* potentially affect the duration of their confinement, such relief is available under the federal habeas statute." Id. at 1031 (emphasis in original). The court, quoting from its decision in Bostic v. Carlson, explained that claims that are "likely to accelerate the prisoner's *eligibility* for parole" bear a sufficient nexus to the length of imprisonment so as to serve as the subject of a habeas petition. Id. at 1031 (citing Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (emphasis in original)). The court did not determine whether the relief sought by Docken was also available under § 1983. Docken, 393 F.3d at 1031.

### 2. Discussion

Here, Petitioner's claims are more akin to those raised in Ramirez than to the

claims raised in Docken.  As in Ramirez, Petitioner challenges prison disciplinary proceedings, not the fact or duration of his confinement.  Like Ramirez, if Petitioner were to succeed on his claims, he would not shorten the length of his confinement. Ramirez, 334 F.3d at 859.  Petitioner was not assessed any loss of good-time credits and thus the length of his imprisonment was not affected by the disciplinary finding.  As with Ramirez, Petitioner essentially seeks a finding of "not guilty" on the disciplinary charge and/or an expungement of the guilty finding from his record.  Petitioner is not, like the plaintiff in Docken, "seek[ing] only equitable relief in challenging aspects of [his] parole review" (see Docken, 393 F.3d at 1031), and thus Docken is distinguishable. See, e.g., Thomas v. Wong, 2010 WL 1233909, at *3 (N.D. Cal. 2010) (distinguishing Docken on same basis); Santibanez v. Marshall, 2009 WL 1873044, at *7 (C.D. Cal. 2009) (same).

      While Petitioner contends that his parole eligibility could be affected by the disciplinary charge (see Pet'r.'s Opp'n at 1), this is merely speculative.  Petitioner has made no showing that expungement of the disciplinary finding from his record would be "likely to accelerate" his eligibility for parole.  Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989).  "The decision to release a prisoner rests on a myriad of considerations."  Sandin v. Conner, 515 U.S. 472, 487 (1995).  Like Ramirez, even if Petitioner successfully challenged the disciplinary proceeding, "the parole board will still have the authority to deny his request for parole on the basis of any of the grounds presently available to it in evaluating such a request."  Ramirez, 334 F.3d at 859 (citation and internal modifications omitted).  The "speculative impact" of the disciplinary proceedings on any future parole considerations is inadequate to serve as the basis for a habeas corpus petition.  See Santibanez, 2009 WL 1873044, at *7 (finding same).

      For the foregoing reasons, Petitioner's claims are not cognizable on federal habeas review and instead must be raised, if at all, under § 1983.  The Court accordingly recommends that the Petition be dismissed with prejudice.

**IV.     Conclusion and Recommendation**

After a thorough review of the record in this matter, the undersigned magistrate judge finds that Petitioner has not stated a cognizable claim for federal habeas relief. The Court hereby recommends that Respondents' Motion to Dismiss the Petition be **GRANTED**, the Petition be **DISMISSED WITH PREJUDICE**, and that judgment be entered accordingly.

This Report and Recommendation is submitted to the Honorable William Q. Hayes, United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). **IT IS ORDERED** that not later than July 22, 2010, any party may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation." **IT IS FURTHER ORDERED** that any reply to the objections shall be served and filed not later than August 6, 2010. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED**.

DATED: June 21, 2010

_____
Jan M. Adler
U.S. Magistrate Judge