# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SHELEY, | CASE NO. 09cv2221-WQH-JMA |
| Petitioner, | **ORDER** |
| vs. | |
| DOMINGO URIBE, JR., Warden, and JERRY BROWN, Attorney General of the State of California, | |
| Respondents. | |

HAYES, Judge:

The matter before the Court is the Report and Recommendation ("R&R") (Doc. # 9) of Magistrate Judge Jan M. Adler, filed on June 21, 2010, recommending that this Court dismiss Petitioner Robert Sheley's Petition for Writ of Habeas Corpus (Doc. # 1).

PROCEDURAL BACKGROUND

On October 6, 2009, Petitioner filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. # 1). On December 17, 2009, Respondents filed a Motion to Dismiss the Petition. (Doc. # 4). Petitioner filed an Opposition to the Motion to Dismiss on January 4, 2010. (Doc. # 5). The Magistrate Judge issued a Report and Recommendation on June 21, 2010. (Doc. # 9).

On August 30, 2010, Petitioner filed objections to the Report and Recommendation. (Doc. # 12). In his objections to the R&R, Petitioner makes essentially the same contentions that he made in his opposition to the motion to dismiss. (Doc. # 5, 12). Petitioner contends

1  that he challenges the fact or duration of his sentence because the disciplinary report will
2  prevent him from being eligible for parole. (Doc. # 12 at 2).
3      The R&R recommends that the Petition be dismissed with prejudice because,
4  "Petitioner's claims are not cognizable on federal habeas review and instead must be raised,
5  if at all, under § 1983." (Doc. # 9 at 6).

## STANDARD OF REVIEW

7      The duties of the district court in connection with a magistrate judge's report and
8  recommendation are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C.
9  § 636(b)(1). The district court must "make a *de novo* determination of those portions of the
10 report ... to which objection is made," and "may accept, reject, or modify, in whole or in part,
11 the findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1); *see also U.S.*
12 *v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

## DISCUSSION

14     The Magistrate Judge states: "'Challenges to the validity of any confinement or to
15 particulars affecting its duration are the province of habeas corpus [28 U.S.C. § 2254].'" (Doc.
16 # 9 at 4  (quoting *Hill*, 547 U.S. at 579)). The R&R states: "An inmate's challenge to the
17 circumstances of his confinement, however, may be brought under [42 U.S.C. § 1983]." *Id.*
18 (quoting *Hill*, 547 U.S. at 579).

19     The Magistrate Judge finds that Petitioner challenges prison disciplinary proceedings,
20 but he "was not assessed any loss of good-time credits and thus the length of his imprisonment
21 was not affected by the disciplinary finding." (Doc. # 9 at 6). The R&R finds that "[a]s with
22 [*Ramirez v. Galaza*, 334 F.3d 850 (9th Cir. 2003)] Petitioner essentially seeks a finding of 'not
23 guilty' on the disciplinary charge and/or an expungement of the guilty finding from his
24 record." *Id.* (citing *Ramirez*, 334 F.3d at 859).

25     The R&R concludes that Petitioner merely speculates that his parole eligibility could
26 be affected and he "has made no showing that expungement of the disciplinary finding from
27 his record would be 'likely to accelerate' his eligibility for parole.'" *Id.* (quoting *Bostic v.*
28 *Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989)). The R&R concludes that "[t]he 'speculative

impact' of the disciplinary proceedings on any future parole considerations is inadequate to serve as the basis for a habeas corpus petition." *Id.* (citation omitted).

The Court has reviewed *de novo* all aspects of the R&R, lodgments, and filings in this case and concludes that the Magistrate Judge correctly recommended that the Petition be dismissed because it is not a cognizable federal habeas corpus petition. Petitioner challenges his disciplinary proceedings and has not shown that expungement of the disciplinary finding would be "likely to accelerate" his eligibility for parole. *Ramirez*, 334 F.3d at 859; *Bostic*, 884 F.2d at 1269.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation (Doc. # 9) is **ADOPTED** in its entirety except that the Petition for Writ of Habeas Corpus (Doc. # 1) is **DISMISSED WITHOUT PREJUDICE** instead of dismissed with prejudice as recommended by the Magistrate Judge.

**IT IS SO ORDERED.**

DATED: September 22, 2010

**WILLIAM Q. HAYES**
United States District Judge